## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDDIE AKPAN | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| v. | * | Case No.:   8:09-cv-01102-DKC |
| | * | |
| FIRST PREMIER BANK | * | |
| | * | |
| **Defendant** | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant, First Premier Bank ("First Premier"), submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Amended Complaint (the "Motion"), and states as follows:

## INTRODUCTION

Plaintiff's Amended Complaint purports to assert a claim against First Premier over certain fees charged to his First Premier credit card.  As demonstrated below, the Amended Complaint must be dismissed because: (1) all of the fees assessed against Plaintiff's account were disclosed to Plaintiff on an account statement that Plaintiff admits he received *before* Plaintiff ever used the credit card; and (2) Plaintiff has not alleged the elements of any legally cognizable claim.

## THE ALLEGATIONS IN THE AMENDED COMPLAINT

1.     On or about September 14, 2008, Plaintiff applied on-line for a First Premier credit card.  Verified Statement attached to Amended Complaint (the "Verified Statement"), ¶ 1.

2.     Thereafter, Plaintiff was issued a credit card.  Verified Statement, ¶ 1.

3.     Plaintiff admits that the card was accompanied by an account statement, attached to the Amended Complaint as Exhibit 1, which disclosed the fees charged by First Premier in connection with the account.[1]  Verified Statement, ¶ 3; Exhibit 1 to Amended Complaint.

4.     *After* Plaintiff's receipt of the account statement disclosing all of the fees, Plaintiff admits that he used the card to make charges at various merchants, including Giant Food and McDonald's.   Verified Statement, ¶¶ 3-6; Exhibit 2 to Amended Complaint; Exhibit 4 to Complaint.

5.     Only *after* using the card and accepting the terms of the account did Plaintiff dispute his account.  Verified Statement, ¶ 7; Exhibit 2 to Amended Complaint.

6.     After Plaintiff disputed the account, First Premier closed the account, charged off the balance owed and requested that the account be deleted from Plaintiff's credit report.

### ARGUMENT

### I.     Legal Standard.

A motion to dismiss should be granted where, assuming the truth of the allegations in the complaint, the defendant is entitled to judgment as a matter of law. See Randall v. United States, 95 F.3d 339, 343 (4th Cir. 1996), cert. denied, 117 S.Ct. 1085 (1997).  The purpose of a motion to dismiss is to "'streamline litigation by dispensing with needless discovery and fact finding.'"  Thelen v. Massachusetts Mutual,

---

[1]     Contrary to Plaintiff's assertions, all fees were also disclosed to Plaintiff at the time he applied for the card.  The purpose of the fees is to offset the high default rate for this kind of subprime credit card, which is designed for borrowers with poor credit.

111 F. Supp.2d 688, 691 (D.Md. 2000), quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 326-27, 109 S.Ct. 1827, 107 L.Ed.2d 338 (1989).

In deciding a Rule 12(b)(6) motion, the Court may consider documents attached to the complaint, as well as any documents referred to in the complaint. <u>Abadian v. Lee</u>, 117 F.Supp.2d 481, 485 (D.Md. 2000). Although the factual allegations in the complaint must be accepted as true, the Court need not accept a plaintiff's legal conclusions. <u>Economides v. Gay</u>, 155 F.Supp.2d 485, 488 (D.Md. 2001).

## I.    Plaintiff Agreed To The Fees.

The factual predicate of Plaintiff's Amended Complaint is that he was charged fees that were not disclosed to him when he applied for his First Premier credit card. Amended Complaint, ¶ 4. Although First Premier disputes this allegation because all fees *were* disclosed at the time of the application, that factual dispute is immaterial for purposes of this Motion. Even accepting Plaintiff's allegation as true, his claim is legally untenable because Plaintiff *admits* that he received an account statement setting forth all of the fees *before* he ever used the credit card. Verified Statement, ¶¶ 4-8; <u>Exhibit 1</u> and <u>Exhibit 2</u> to Amended Complaint.

It is well established that use of a credit card constitutes assent to the terms of the account. <u>See</u>, <u>e.g.</u>, <u>Heiges v. JP Morgan Chase Bank</u>, 521 F.Supp.2d 641 (N.D.Ohio 2007) (credit card holder accepted cardholder agreement's terms by using the credit card); <u>Fahey v. US Bank, NA</u>, 2006 U.S. Dist. LEXIS 70956 (E.D.Mo. Sept. 29, 2006) (same); <u>Grasso v. First USA Bank</u>, 713 A.2d 304, 308-09 (De. Super. 1998) (same).

In the instant case, Plaintiff admits he used the credit card *after* he received a statement setting forth the fees about which he now complains.   Verified Statement, ¶¶ 4-8; Exhibit 1 and Exhibit 2 to Amended Complaint.   Accordingly, he agreed to the fees and Plaintiff has no legally cognizable claim.   Heiges, supra, 521 F.Supp.2d 641; Fahey, supra, 2006 U.S. Dist. LEXIS 70956; Grasso, supra, 713 A.2d at 308-09.

## II.   Plaintiff Fails To State A Claim.

In addition, Plaintiff's Amended Complaint must be dismissed because it does not allege any legally viable cause of action.   Because Plaintiff does not allege facts showing the required elements for any legally recognized claim, the Amended Complaint should be dismissed.   See Campbell v. Masten, 955 F.Supp. 526, 530 (D.Md. 1997).

### A.   Plaintiff does not allege a viable claim under the Fair Credit Reporting Act.

In paragraphs 10 and 11 of the Amended Complaint, Plaintiff apparently seeks to assert a claim under the Fair Credit Reporting Act ("FCRA").   See Amended Complaint, ¶¶ 10-11.   It is well-settled law that a consumer may bring a private cause of action against a creditor under the FCRA *only* if the creditor fails to conduct a reasonable investigation of a dispute after being notified of the consumer's dispute by a credit reporting agency.   15 U.S.C. § 1681s-2(b)(1); Akalwadi v. Risk Management, 336 F.Supp.2d 492, 509 (D.Md. 2004).   A consumer *cannot* maintain a private cause of action for merely failing to provide accurate information.   Id.; see also Cisneros v. Trans Union, 293 F.Supp.2d 1167, 1174 (D.Hawaii 2003).

4

In the instant case, Plaintiff makes no allegation in his Amended Complaint that he ever reported any dispute with First Premier to any of the credit reporting agencies, or that First Premier failed to conduct a reasonable investigation.  <u>See</u> Amended Complaint.  Accordingly, any claim under the FCRA fails as a matter of law.  15 U.S.C. § 1681s-2(b)(1); <u>Akalwadi</u>, <u>supra</u>, 336 F.Supp.2d at  509.

> **B.      Plaintiff does not allege a viable claim under the Fair Debt Collection Act.**

To the extent Plaintiff seeks to assert a claim under the Fair Debt Collection Practices Act ("FDCPA") for "unfair and deceptive trade practices" (Amended Complaint, ¶ 10), that claim is also legally untenable because First Premier is not a "debt collector" under the FDCPA.

A "debt collector" under the FDCPA is defined as a person or entity that collects debts *on behalf of a third party.*  15 U.S.C. § 1692a(6).  The definition specifically excludes creditors, like First Premier, seeking to collect their own debts.  <u>See Beck v. Alliance Funding</u>, 113 F.Supp.2d 274, 275 (D.Conn.  2000) ("The Act is quite clear that it is directed at independent debt collectors and not creditors attempting to collect their own debts"); <u>Oldroyd v. Associates Consumer Discount</u>, 863 F.Supp. 237, 241-42 (E.D.Pa. 1994) (granting summary judgment in favor of mortgagee on FDCPA claim on ground that mortgagee was not debt collector because it was attempting to collect its own debt, not the debt of another); <u>Meads v. Citicorp Credit Services, Inc.</u>, 686 F.Supp. 330, 333 (S.D.Ga. 1988).

Here, Plaintiff does not allege that First Premier was attempting to collect the debt of another creditor.  In fact, he admits that First Premier's collection efforts related

to the account Plaintiff had with First Premier.  Verified Statement, ¶ 12.  Hence, he has no claim under the FDCPA.  Id.

Further, Plaintiff does not allege that First Premier made any false or misleading statement to him in the process of attempting to collect a debt.  See 15 U.S.C. § 1692e.  Nor does Plaintiff allege any conduct prohibited as unfair practices under the FDCPA.  See 15 U.S.C. § 1692f.  Therefore, his claim under FDCPA fails as a matter of law.  See Deere v. Javitch, 413 F.Supp.2d 886 (S.D.Ohio 2006).

### C.     Plaintiff does not allege a viable claim under the Maryland Consumer Protection Act.

Finally, to the extent Plaintiff seeks to assert a claim for "unfair and deceptive trade practices" under the Maryland Consumer Protection Act (the "CPA"), Md. Code, Commercial Law Article, § 13-408, that claim is also legally insufficient.  To assert a viable claim for a false or misleading statements under the CPA, a plaintiff must allege not only that the defendant made a misleading statement, but also that the plaintiff *relied* upon the statement.  Phillip Morris v. Angeletti, 358 Md. 689, 753-54, 752 A.2d 200, 235 (2000).

In the instant case, Plaintiff admits that he was notified of the fees associated with the account before he ever used the credit card.  Verified Statement, ¶¶ 3-6; Exhibit 2 to Amended Complaint; Exhibit 4 to Complaint.  Accordingly, there was no reliance as a matter of law on any alleged misleading statement by First Premier, nor any unfair or deceptive practice under the CPA.

## <u>CONCLUSION</u>

For all of the foregoing reasons, First Premier's Motion should be granted.

Respectfully submitted,


  /s/        Robert A. Scott         

Robert A. Scott (Atty #24613)
Ballard Spahr Andrews & Ingersoll, LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland 21202
(410) 528-5600
*Attorneys for Defendant*

7